IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LARRY DONNELL BAINES,         )
                              )
            Petitioner,       )
                              )
      v.                      )    1:12CV891
                              )
ROBERT B. LEWIS,              )
                              )
            Respondent.       )

## MEMORANDUM OPINION AND ORDER

**Auld, Magistrate Judge**

　　Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Petitioner pled guilty in the Superior Court of Durham County to two counts of possession of a Schedule II controlled substance and to attaining habitual felon status in cases 05 CRS 46868 and 51048, 06 CRS 10775 and 07 CRS 5178. (Docket Entry 5, Exs. 1, 2; see also Docket Entry 1, ¶¶ 1-6.) On July 17, 2007, the trial court consolidated the charges and sentenced Petitioner, in the mitigated range and in accordance with the plea arrangement, to 101 to 131 months of imprisonment. (Docket Entry 7, Ex. 2; see also Docket Entry 1, ¶ 3.) Petitioner did not appeal his convictions. (Docket Entry 1, ¶ 8.)

　　Petitioner then filed a pro se motion for appropriate relief ("MAR") with the state trial court (Docket Entry 5, Ex. 3; see also Docket Entry 1, ¶ 11(a)), which he dated on February 19, 2012 (see

Docket Entry 5, Ex. 3 at 6),[1] and which the trial court accepted as filed on February 24, 2012 (see Docket Entry 5, Ex. 4 at 2 (indicating date filed)). The trial court denied the MAR by order dated March 2, 2012. (Docket Entry 5, Ex. 6; see also Docket Entry 1, ¶ 11(a)(7), (8).)[2] Petitioner then filed a pro se petition for a writ of certiorari with the North Carolina Court of Appeals which he dated as submitted on April 26, 2012 (Docket Entry 5, Ex. 5 at 7), and which that court stamped as filed on May 2, 2012 (id. at 2; see also Docket Entry 1, ¶ 11(b)). The Court of Appeals denied that petition on May 11, 2012. (Docket Entry 5, Ex. 7; see also Docket Entry 1, ¶ 11(b)(7), (8).)

Petitioner then submitted the instant Petition in this Court (Docket Entry 1), which he dated as mailed on August 14, 2012 (id. at 14), and which this Court stamped as filed on August 17, 2012 (id. at 1). Respondent moved for summary judgment on both statute of limitation grounds and the merits. (Docket Entry 4.) Petitioner responded in opposition. (Docket Entry 8.) The parties have consented to disposition of this case by a United States Magistrate Judge. (Docket Entry 9.)

### **Petitioner's Claim**

Petitioner raises one ground for relief in his Petition: "The Petitioner was sentenced under a sentencing law that is facially

---

[1] For attachments to Respondent's memorandum in support of his motion for summary judgment lacking internal pagination, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

[2] The trial court's file-stamp is illegible. (See Docket Entry 5, Ex. 6 at 1.)

unconstitutional or as applied, or, is now grossly disproportionate under a new sentencing law in violation [of] the Eighth and Fourteenth Amendments of the Constitution of the United States." (Docket Entry 1 at 15.) Respondent interprets Petitioner's ground for relief as "three separate subcontentions": (1) the December 1, 2009 amendments to the Structured Sentencing Act (SSA) lowered Petitioner's 101 to 131 month sentence to 87 to 114 months; (2) the Justice Reinvestment Act (JRA) effective December 1, 2011 reduced his Class C habitual felon status to a Class E habitual felon status, which would reduce his sentence to 30 to 45 months; and (3) United States Supreme Court cases, including Graham v. Florida, ___ U.S. ___, 130 S. Ct. 2011 (2010), demonstrate the disproportionality of his sentence. (Docket Entry 5 at 2-3.) Respondent further argues that the one-year limitations period in 28 U.S.C. § 2244(d)(1) bars subcontentions (1) and (3), and that all three subcontentions lack merit. (Id. at 3-16.)

## Discussion

In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

-3-

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The Court agrees with Respondent that Petitioner's "subcontention (1)" amounts to an argument that his Petition is timely under subparagraph (D), i.e., that he filed the instant Petition within one year of the date on which the factual predicate of his claim, the December 1, 2009 amendments to the SSA, could have been discovered through the exercise of due diligence.[3] Petitioner's argument lacks merit.

Petitioner alleges that, on an unidentified date "during the passage of [his] term of imprisonment, [he] became aware of a number of changes in the state sentencing law . . . which appear[ed] to lower [his] Class C habitual sentence to 87 to 114

---

[3] Neither party contends that the Petition is timely under subparagraph (A). The Court's review of the time-line of events confirms that Petitioner's convictions became final no later than August 1, 2007, see N.C. R. App. P. 4(a)(2) (allowing criminal defendants 14 days from the date of judgment to notice an appeal), even assuming Petitioner had a right to appeal. Thus, his one-year limitations period under subparagraph (A) expired on August 1, 2008, without Petitioner having filed any petitions for post-conviction relief in this Court or the state courts.

-4-

months." (Docket Entry 1 at 17-18.) However, Petitioner admits that "this amended sentencing law came into effect on December 1, 2009." (Id. at 18.) The actual date on which Petitioner discovered the changes to the SSA has no bearing on the timeliness analysis because the limitations period under § 2244(d)(1)(D) commences not on the actual date of discovery but on the date the inmate could have discovered the factual predicate of his claim through public sources. See Green, 515 F.3d at 305 (holding that § 2244(d)(1)(D) limitations period began to run when trial counsel's failed to appeal because such failure was "public knowledge"); Wade v. Robinson, 327 F.3d 328, 333 (4th Cir. 2003) (concluding that limitations period under subparagraph (D) commenced on date parole board revoked petitioner's parole and, by operation of law, rescinded his good conduct credits, because such information was available through "public sources"); see also Diver v. Jackson, No. 5:11-HC-2155-FL, 2012 WL 3228971, at *3 (E.D.N.C. Aug. 6, 2012) (unpublished) (rejecting argument under § 2244(d)(1)(D) that limitations period should start on date inmate told plaintiff of relevant Supreme Court case, because the case, decided in 1994, had long been available "through public sources"), appeal dismissed, 487 F. App'x 96 (4th Cir. Nov. 6, 2012).

The parties agree that the amendments to the SSA went into effect on December 1, 2009, see S.L. 2009-555, § 3 & S.L. 2009-556, § 2; see also N.C. Gen. Stat. § 15A-1340.17 (Historical and Statutory Notes)(describing SSA as "effective December 1, 2009, and applicable to offenses committed on or after that date").

-5-

Moreover, "[b]y definition, laws, statutes and other public acts are matters of public record." See, e.g., Jones v. Penn Nat'l Ins. Co., 835 F. Supp. 89, 95 (W.D.N.C. 2011). Thus, Petitioner's limitations period for his claim under the SSA began to run, at the latest, on December 1, 2009, and fully expired one year later on December 1, 2010, well before Petitioner filed his state court MAR or the instant Petition. Petitioner's claim based on the December 1, 2009 amendments to the SSA is time-barred.[4]

With regard to "subcontention (3)," Petitioner contends that under § 2244(d)(1)(C), his limitations period should begin to run from the date the United States Supreme Court "newly recognized" a "federal constitutional right" in Graham which was "made retroactively applicable to cases on collateral review." (Docket Entry 1 at 21.) According to Petitioner, Graham held "that punishment for crime should be graduated and proportioned to the offense." (Id. (citing Graham, ___ U.S. at ___, 130 S. St. at 2021 (internal quotations omitted)).) Petitioner admits that the Supreme Court issued the Graham decision on May 17, 2010. (Docket Entry 1 at 21.) Petitioner's argument lacks merit.

Petitioner fails to show how Graham, which held that the Eighth Amendment "prohibits the imposition of a life without parole

---

[4] Even if Petitioner's claim based on the December 1, 2009 amendments to the SSA was not time-barred under § 2244(d)(1)(D), it does not appear that such amendments could serve as the factual predicate for Petitioner's claim. The amendments expressly apply to offenses committed on or after December 1, 2009, see S.L. 2009-555, § 3 & S.L. 2009-556, § 2; see also N.C. Gen. Stat. § 15A-1340.17 (Historical and Statutory Notes), and here, the record indisputably reflects that Petitioner committed the offenses at issue on May 11, 2005 and July 3, 2006 (see Docket Entry 5, Ex. 2).

sentence on a juvenile offender who did not commit homicide," ___ U.S. at ___, 130 S. Ct. at 2034, applies to his sentence, which does not constitute a life without parole sentence and which Petitioner received as an adult. See Bryant v. Hines, No. 5:12-HC-2061-F, 2013 WL 427101, at *3 (E.D.N.C. Feb. 4, 2013) (unpublished) (rejecting argument that Graham's issuance represented triggering date under § 2244(d)(1)(C) where Graham had "no bearing" on case because petitioner was not a juvenile); Smith v. Secretary, Dep't of Corr., No. 8:12-CV-58-T-30TGW, 2012 WL 5438820, at *4 (M.D. Fla. Nov. 7, 2012) (unpublished) (holding that Graham does not apply to adult offenders and could therefore not serve as triggering event under § 2244(d)(1)(C)).[5]

However, even assuming, arguendo, that Graham (1) recognized a new federal constitutional right; (2) that impacted Petitioner's sentence; and (3) made retroactively applicable to cases on collateral review; Petitioner still would have no entitlement to relief. The limitations period under § 2244(d)(1)(C) would have begun to run on the date the Supreme Court issued Graham, May 17, 2010, and would have fully expired on May 17, 2011. Again, Petitioner made no collateral filings in state or federal court until he filed his MAR on February 24, 2012, over nine months too late. Petitioner's claim based on Graham is time-barred.

---

[5] To the extent Petitioner argues that Graham newly recognized a right to a sentence "graduated and proportioned to the offense," see Docket Entry 1 at 21, that argument also fails. The Supreme Court recognized the concept of proportionality "at least a hundred years prior to Graham." Bryant, 2013 WL 427101, at *4 (quoting Weems v. United States, 217 U.S. 349, 367 (1910), and collecting cases).

-7-

Turning to "subcontention (2)," Petitioner alleges that the JRA, effective on December 1, 2011, reduced his Class C habitual felon status to a Class E habitual felon status. Respondent does not argue that this claim is untimely but rather that it lacks merit primarily because the JRA applied prospectively to offenses that occurred on or after December 1, 2011. Respondent's position has merit.

Section 3(e) of the JRA, S.L. 2011-92, provides as follows:

> This section becomes effective December 1, 2011, and applies to any offense that occurs on or after that date and that is the principal felony offense for a charge of either the status offenses of habitual breaking and entering or habitual felon. Prosecutions for offenses committed before the effective date of this act are not abated or affected by this act, and the statutes that would be applicable but for this act remain applicable to those prosecutions.

S.L. 2011-92, § 3(e); see also N.C. Gen. Stat. § 14-7.6 (Historical and Statutory Notes). Thus, the JRA simply does not apply to Petitioner's offenses, which he committed in 2005 and 2006. (See Docket Entry 5, Ex. 2.) Petitioner's claim under the JRA thus fails as a matter of law.

**IT IS THEREFORE ORDERED** that Respondent's Motion for Summary Judgment (Docket Entry 4) is **GRANTED,** that the Petition (Docket Entry 1) is **DENIED,** and that this action is **DISMISSED,** pursuant to a contemporaneously entered Judgment.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

Date: April 18, 2013